**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Meryl I Horowitz, | No. CV-22-01097-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Meryl Horowitz's application for a period of disability and disability insurance benefits by the Social Security Administration ("SSA"). (A.R. 486-87.) Plaintiff filed a Complaint with this Court seeking judicial review of that denial (Doc. 17). The Court has reviewed the briefs (Docs. 17, 19) and the Administrative Record (Doc. 10, "A.R."), and now affirms the Administrative Law Judge's ("ALJ") decision.

**I.     BACKGROUND**

Plaintiff filed an Application for Disability Insurance Benefits on August 3, 2012, for a period of disability beginning on January 1, 2011. (A.R. 128-34.) Her claim was initially denied on February 5, 2013, and again upon reconsideration on October 29, 2013. (*Id.* at 75-79, 81-86.) The District Court remanded Plaintiff's claim twice. (*Id.* at 545-60, 584-90.) After the second remand, on August 3, 2021, Plaintiff appeared before the ALJ for a hearing regarding her claim, which the ALJ denied on August 20, 2021. (*Id.* at 495-516, 466-94.) On May 6, 2022, the Appeals Council denied Plaintiff's Request for Review

and adopted the ALJ's decision as the agency's final decision. (*Id.* at 460-65.) Plaintiff now seeks judicial review with this Court pursuant to 42 U.S.C. § 405(g).

The Court has reviewed the medical evidence and will discuss the pertinent evidence in addressing the issue raised by Plaintiff. Upon considering the medical evidence and opinions, the ALJ concluded that Plaintiff had the following impairments: cervical spondylosis, lumbar spondylosis with left-sided radiculopathy, degenerative joint disease of the hips, chronic pain syndrome, and obesity. (A.R. at 473.)

The ALJ found that Plaintiff did not have any impairments or combination of impairments that met or equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 475.) Next, the ALJ determined Plaintiff's residual functional capacity ("RFC").* The ALJ found that Plaintiff has the RFC to perform "sedentary work" as defined in 20 C.F.R. § 404.1545(a) with certain limitations. Here, the ALJ determined that Plaintiff can (1) lift/carry 10 pounds frequently and 20 pounds occasionally; (2) sit for about six hours, with a brief position change of one to five minutes every 30 to 45 minutes; (3) stand/walk for about four hours during an eight hour work day, with a 5 to 10 minute sitting break every 30 minutes of standing; (4) occasionally push and pull with the lower extremities; (5) occasionally balance, stoop, kneel, crouch, and climb ramps and stairs, but never crawl or climb ladders, ropes, or scaffolds; (6) frequently hold her head static and look up, down, and side to side; (7) work in an environment without moderate exposure to hazards, like dangerous, moving machinery and unprotected heights. (*Id.* at 477.) Based on this RFC, the ALJ found Plaintiff capable of performing past relevant bookkeeping work as defined at 20 C.F.R. § 404.1545 (*Id.* at 486.) The ALJ therefore concluded that Plaintiff was not disabled from the alleged disability onset date through the date of the decision. (*Id.*)

## II. LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503,

---

* Residual functional capacity refers to the most a claimant can still do in a work setting despite his or her limitations. 20 C.F.R. § 404.1545(a)(1).

517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the whole record. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted). The substantial evidence threshold "defers to the presiding ALJ, who has seen the hearing up close." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019); *see also Thomas v. CalPortland*, 993 F.3d 1204, 1208 (9th Cir. 2021) (noting substantial evidence "is an extremely deferential standard").

To determine whether a claimant is disabled, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled, and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where the ALJ determines whether the claimant can perform any other

work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

### III. DISCUSSION

Plaintiff argues that the ALJ erred in rejecting her symptom testimony without providing clear and convincing reasons. (Doc. 17.) An ALJ employs a two-step process in evaluating a claimant's symptom testimony. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ considers whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). Then, provided there is no evidence of malingering, the ALJ must evaluate the claimant's statements in context of the objective medical evidence and other evidence in the record. *See* 20 C.F.R. § 404.1529(c)(2)-(3). At this step, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15 (internal quotation marks omitted). This requirement prevents an ALJ from "arbitrarily discredit[ing]" the claimant's subjective symptom testimony. *Thomas*, 278 F.3d at 958.

Despite the "clear and convincing standard [being] the most demanding required in Social Security cases," *Garrison*, 759 F.3d at 1015 (internal quotation marks and citation omitted), the ALJ need not "believe every allegation of disabling pain." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Instead, when assessing the claimant's credibility, the ALJ may consider "inconsistencies either in [the] claimant's testimony or between his testimony and his conduct, claimant's daily activities, claimant's work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [the] claimant complains." *Thomas*, 278 F.3d at 958-59 (internal quotation marks and citation omitted). Should a district court find that the ALJ's specific, clear, and convincing reasons are supported by substantial evidence, the court must not second guess the ALJ's judgment and should affirm the ALJ's decision. *See Fair*, 885 F.2d at 604.

In evaluating Plaintiff's testimony, the ALJ determined that step one was satisfied

as Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (A.R. 479.) However, at step two, the ALJ rejected Plaintiff's symptom testimony because her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.*) The ALJ provided three reasons for rejecting Plaintiff's symptom testimony: (1) the testimony was inconsistent with the objective medical record; (2) the evidence contained inconsistent statements by Plaintiff; and (3) the testimony was inconsistent with Plaintiff's daily activities. (*Id.* at 482-83.) Substantial evidence supports these reasons.

The ALJ referred to Plaintiff's allegations of back, neck, and hand pain several times (*Id.* at 482.) The ALJ noted the record showed multiple findings of normal range of motion and function in Plaintiff's lumbar spine, hands, and neck, including that her cervical spine was nontender (*Id.*) Regarding Plaintiff's allegations that she had difficulty walking, the ALJ cited to medical records indicating that she had normal gait and could stand, mount, and dismount herself without difficulty. (*Id.*) The ALJ also emphasized that providers noted Plaintiff's normal strength, sensation, and regular reflexes. (*Id.*) Additionally, a physician deemed Plaintiff's use of assistive devices unnecessary and the record includes minimal mention of Plaintiff's use of such devices. (*Id.*) And while Plaintiff complained about her inability to concentrate, the ALJ noted that her providers regularly documented her normal cognition and alertness. (*Id.*) The Court finds this specificity satisfies the standard set forth in 42 U.S.C. § 423(d)(5)(A). *See Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

Moreover, the ALJ noted Plaintiff's inconsistencies in her testimony. Plaintiff did not complain of pain when seen for other issues and denied having musculoskeletal symptoms. (A.R. 482-83.) Plaintiff also previously reported that she could walk and had been doing "okay" with medicine. (*Id.* at 483); *see Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (noting that a claimant's inconsistent testimony is relevant to the testimony's credibility).

Finally, the ALJ pointed to several activities which undermined Plaintiff's allegations of the debilitating degree of her physical and mental symptoms. As the ALJ noted: "[Plaintiff's] reports indicate that she was caring for her husband, took trips to Europe, went on cruises, picked up family members, and drove significant distances." (A.R. 483.) Based on these and other discrepancies between Plaintiff's reported symptoms and the record, it was reasonable for the ALJ to conclude that "her impairments had lesser impacts on her activities of daily living than she alleged." *See Fair*, 885 F.2d at 603; *see also Valentine v. Comm'r Soc. Sec. Admin*, 574 F.3d 685, 694 (9th Cir. 2009) (noting that claimant's activities may suggest that their claims about the severity of the limitations were exaggerated).

Because the ALJ offered specific conclusions on why Plaintiff's testimony was not credible, the ALJ properly discounted Plaintiff's symptom testimony. "Our cases do not require ALJs to perform a line-by-line exegesis of the claimant's testimony, nor do they require ALJs to draft dissertations when denying benefits." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The ALJ properly assessed Plaintiff's pain and the Court finds no error.

**IV.   CONCLUSION**

Accordingly,

**IT IS ORDERED** affirming the August 20, 2021 decision by the Administrative Law Judge and the Commissioner of the Social Security Administration.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment consistent with this Order and close this case.

Dated this 1st day of September, 2023.

Michael T. Liburdi
United States District Judge